**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRETT M. GREER AND AIMEE L. GREER, | ) | Case No. 21-40236-crm |
| | ) | Chapter 13 |
| DEBTORS | ) | |
| | ) | |
| _____ | ) | |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion to disallow claim of creditor Discover Student Loans ("Discover"), Claim No. 9, by joint debtors Brett M. Greer and Aimee L. Greer ("Debtors"). For the reasons that follow, the motion is denied.

The facts of this case, as set forth in Debtors' motion [R.19] and Discover's response [R. 23], are undisputed. On July 31, 2019, debtor Brett M. Greer's ("Mr. Greer") daughter, Olivia Crisp, entered into a private loan application and promissory note with Discover for $5,000 (the "Student Loan"). Mr. Greer is the guarantor of the Student Loan, pursuant to a cosigner addendum to the application and promissory note that he executed on July 31, 2021. On April 15, 2021, Olivia and Stephen Crisp, Mr. Greer's son-in-law, filed a chapter 13 petition in the Western District of Kentucky, Case No. 40183 ("Crisp Chapter 13 Case"). On April 26, 2021, Discover filed proof of claim 4-1 in the Crisp Chapter 13 Case for $5,338.20, representing the balance of the Student Loan. Debtors filed their own chapter 13 petition on May 14, 2021 ("Debtors' Chapter 13 Case"). On June 9, 2021, the chapter 13 plan was confirmed in the Crisp Chapter 13

1

Case, providing Discover a priority claim of $5,338.20 to be paid in full through monthly payments over sixty months. On June 14, 2021, Discover filed a proof of claim for the Student Loan in Debtors' Chapter 13 Case, Claim No. 9, in the same amount of $5,338.20.

On July 28, 2021, Debtors filed a motion to disallow Claim No. 9 [R. 19], on grounds that the Student Loan claim is allowed up to 100% in the Crisp Chapter 13 Case, and that allowing the same claim in this case would result in double recovery. Discover filed a response to Debtors' motion [R. 23], arguing that a creditor is allowed to assert a claim against a debtor for the full amount of the debt. Debtors amended their objection, claiming that Discover needs to seek relief from the codebtor stay in order to collect on Claim No. 9 [R. 26]. Discover then filed another response [R. 27], repeating its arguments from its first response.

A hearing on the motion, originally scheduled for September 15, 2021, was continued to October 13, 2021. At the October hearing, this Court ordered the parties to file memoranda regarding the codebtor stay [R. 33]. On October 26, 2021, Discover filed its memorandum [R. 35], asserting that the codebtor stay does not apply, and that the objection must be denied because filing a proof of claim does not violate the automatic stay. On November 2, 2021, Debtors filed their response [R. 37]. Debtors argue that not only does the codebtor stay apply, but no grounds exist for the codebtor stay to be lifted. Debtors state that even if Discover did request relief from codebtor stay, the request should be denied because (i) Mr. Greer did not receive consideration for the Student Loan, (ii) the

Student Loan is to be paid for in full by the primary obligor in the Crisp Chapter 13 Case, and (iii) there is no irreparable harm that would result should the codebtor stay continue.

Following Debtors' response, the Court took the matter under advisement on November 4, 2021.

\* \* \* \* \*

**I.    Discover's Claim Against Debtors as Guarantors on the Student Loan**

As an initial matter, this Court must address whether Discover is permitted to collect from guarantors on the Student Loan. A guarantor is not liable for a debt unless the principal is liable and in default. *In re Kreisler*, 407 B.R. 321, 327 (Bankr. N.D. Ill. 2009) (citing *JP Morgan Chase Bank, N.A. v. Earth Foods, Inc.*, 898 N.E.2d 718, 724 (2008)). *See also General Elec. Capital Corp. v. Kasey*, No. 05-355-C, 2007 WL 162941, at * 4 (W.D. Ky. Jan. 18, 2007) ("an absolute guaranty is a contract by which the guarantor promises that if the debtor does not perform his obligation or obligations, the guarantor will perform some act . . . to or for the benefit of the creditor, irrespective of any additional contingencies") (quoting *APL, Inc. v. Ohio Valley Aluminum, Inc.*, 839 S.W.2d 571, 573 (Ky. Ct. App. 1992)).

According to the Private Loan Application and Promissory Note executed by Olivia Crisp, Provision Q provides the terms of when the Student Loan is in default [R. 19 Ex. A]. The document states in pertinent part that the obligor is in default "if [Discover] receive[s] notice that [obligor] . . . [has] filed for bankruptcy and applicable law or regulatory guidance requires that [Discover]

3

deem [obligor] in default upon 60 days following receipt of such bankruptcy notice." Because either Olivia Crisp, the primary obligor, or her cosigner, Mr. Greer, have filed for bankruptcy, this consists of a default on the loan. Discover is thus permitted to collect on the Student Loan against the guarantors.

## II. Codebtor Stay

Since Discover may hold Mr. Greer liable on the Student Loan, the next question is whether Discover is barred from collecting on the Student Loan because of the codebtor stay. The filing of a Chapter 13 case initiates the codebtor stay described in 11 U.S.C. § 1301. The codebtor stay prevents a creditor from taking any action, including the collection of all or any part of a consumer debt, against any individual who is liable on a consumer debt with the debtor. *Id.* § 1301(a). The codebtor stay applies upon the filing of a chapter 13 case, and continues until the chapter 13 case concludes. Section 1301(c) provides the limited circumstances where relief from the codebtor stay must be granted: (1) the codebtor received the consideration for the claim held by the creditor; (2) the plan filed by the debtor proposes not to pay such claim; or (3) creditor's interest would be irreparably harmed by the continuation of the stay. *Id.* § 1301(c). To obtain relief from the codebtor stay, a party must file a motion and show that the grounds for relief exist. *See* Fed. R. Bankr. P. 4001(a)(1); Fed. R. Bankr. R. 9014. We will first examine whether the codebtor stay applies in this case.

> A. *The Student Loan is a "consumer debt" within the meaning of Section 1301.*

Section 1301 applies to codebtors—individuals that are liable on certain debts with the debtor or that secured such debts. Further, Section 1301 applies only to "consumer debts." Section 101(8), in turn, defines a consumer debt as a "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Courts that have examined this issue focus on the purpose for which the debt was incurred, and the primary purpose of the debt will determine whether or not the debt is a consumer debt. *In re Jones*, 556 B.R. 327, 332 (Bankr. E.D. Mich. 2016) (citing *Stewart v. United States Tr. (In re Stewart)*, 215 B.R. 456, 465 (B.A.P. 10th Cir. 1997)). Student loans may be consumer debts when the loans are incurred for the purpose of supporting one personally or supporting one's family. *In re Stewart*, 215 B.R. at 465. The facts of this case suggest that Olivia Crisp incurred the Student Loan debt to support herself, and Mr. Greer signed as guarantor for familial support, thus making the Student Loan a consumer debt. Debtors are entitled to the codebtor stay because, as a guarantor of the Student Loan, Mr. Greer is an individual liable on a consumer debt with the debtor.

> B. *The Codebtor Stay applies regardless of whether codebtor is in bankruptcy.*

Discover argues that the "co-debtor stay only applies when an obligor has filed a Chapter 13 bankruptcy and co-obligor is not in bankruptcy" [R.35]. However, there is no case law, legislative history, or otherwise to suggest that

the codebtor stay does not apply when the codebtor is in bankruptcy.[1]  Further, there is no language in the Bankruptcy Code prohibiting the codebtor stay where a codebtor files bankruptcy.  In fact, the Bankruptcy Code and its legislative history instead contemplate this exact situation.  Section 1301(c)(3) provides:

> (c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—
> . . .
> (3) such creditor's interest would be irreparably harmed by continuation of such stay.

11 U.S.C. 1301(c)(3).  The legislative history of section 1301(c)(3) provides several examples of when irreparable harm may exist.  Specifically, a House Report on the passage of the current Bankruptcy Code states as to section 1301: "Subsection (c) requires the court to grant relief from the stay in certain circumstances . . . . [T]he court must grant relief to the extent that the creditor's interest would be irreparably harmed by the stay, for example, where the codebtor filed bankruptcy himself, or threatened to leave the locale, or lost his job."  H.R. Rep. 95-595 (1977).[2]  So, the Bankruptcy Code and legislative history provide the grounds for which the codebtor stay may be lifted, such as a codebtor

---

[1] To support its position that § 1301 does not take effect when the codebtor is in bankruptcy, Discover cites *In re Bonanno*, 78 B.R. 52, 53 (Bankr. E.D. Pa. 1987), a case that addressed "whether a creditor may obtain relief from the chapter 13 co-debtor stay pursuant to 11 U.S.C. § 1301(c)(2) after the entry of an unappealed order of confirmation of a chapter 13 plan which contains an express provision barring the creditor from exercising its rights under section 1301(c)." The *Bonanno* Court was not asked to address whether § 1301 applies to codebtors who have filed a contemporaneous bankruptcy proceeding and the portion of the ruling that Discover cites is *dicta* at best.  Discover cites the first sentence of the *Bonnano* ruling in which the Court restates § 1301 in its own words.  However, the language of the statute is clear and the restatement of this language by the *Bonanno* Court does not change the meaning of the statute.

[2] The examples listed in the House Report as irreparable harm are illustrative and not definitional.  *See In re Francis*, 15 B.R. 998, 1004 (Bankr. E.D.N.Y. 1981).

6

in bankruptcy causing irreparable harm to a creditor, but it does not prohibit the codebtor stay from taking effect.  The fact that Mr. Greer filed for bankruptcy does not affect the application of the codebtor stay.  Because the codebtor stay is in effect, Discover may not collect on Claim No. 9 unless circumstances arise where the stay may be lifted.

> C. *Discover must move for codebtor stay relief to collect on the Student Loan in Debtors' Chapter 13 Case.*

Section 1301(c) provides that a court must grant relief from the stay under certain circumstances, but only "on request of a party and after notice and a hearing." 11 U.S.C. § 1301(c).  Federal Rule of Bankruptcy Procedure 4001(a)(1) provides that relief from an automatic stay is to be sought by a motion and sets forth the procedure for such a motion.  Fed. R. Bankr. P. 4001(a)(1).  However, Rule 4001(a)(2) does not address burden of proof under section 1301.  Absent any provision allocating the burden of proof, the default rule applies, placing the burden on the moving party.  8 Collier on Bankruptcy ¶ 1301.03 (16th ed. 2021) (citing *In re Burton*, 4 B.R. 608 (Bankr. W.D. Va. 1980)).  So although a codebtor filing bankruptcy may be grounds for relief from the stay to prevent irreparable harm under Section 1301(c)(3), the creditor still must request relief by motion as well as prove why the grounds for relief exist, which has not occurred in this case.

Discover must file a motion to lift the codebtor stay, otherwise they are barred from collecting on their student loan claim in Debtors' Chapter 13 Case.

7

### III. Double Recovery

Debtors also object to Claim No. 9 because "[i]f the Debtors in this case pay any portion of Discover's nondischargeable debt and claim through this bankruptcy case, Discover would be receiving two revenue streams at the same time for the payment of the same debt"—which would result in either double recovery or Discover receiving their payment on an accelerated basis [R.37]. Since this Court holds that Discover's proof of claim cannot be collected due to protections of section 1301, the threat of double recovery need not be addressed at this time.

### IV. Conclusion

In order to sustain Debtors' Objection to Claim, this Court would need to find a stay violation. Although Discover discusses the automatic stay [R. 35], they correctly point out that filing a proof of claim is not a violation of the stay. The filing of a proof of claim is expressly provided for by Federal Rule of Bankruptcy Procedure 3002 and is necessary for creditors to protect their interests in a chapter 13 case. *In re Sammon*, 253 B.R. 672, 680 (Bankr. D.S.C. 2000). The filing of a Proof of Claim before a bankruptcy court "is the logical equivalent of a request for relief from the automatic stay, which cannot in itself constitute a violation of the stay." *Id.* at 681. *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 (11th Cir. 2014) (the automatic stay "does not prohibit the filing of a proof of claim to collect a debt within the bankruptcy process"); *In re Zotow*, 432 B.R. 252, 260 (B.A.P. 9th Cir. 2010) ("legal actions taken in a bankruptcy proceeding do not violate the stay"); *Campbell v. Countrywide Home*

*Loans, Inc.*, 545 F.3d 348, 356 (5th Cir. 2008) (finding that there is no precedent in which a court has held that filing a proof of claim violates the automatic stay); *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1474 (D.C. Cir. 1991) (automatic stay has no effect on actions expressly allowed by the Bankruptcy Code); *Brimmage v. Quantum3 Grp. LLC (In re Brimmage)*, 523 B.R. 134, 140 (Bankr. N.D. Ill. 2015) ("Filing a proof of claim is a form of debt collection, albeit one that is not barred by the automatic stay."); *In re Knowles*, No. 05-13492, 2010 WL 1427393, at *3 (Bankr. D. Me. Apr. 9, 2010) ("[f]iling of the proofs of claim does not violate the automatic stay"); *In re Surprise*, 342 B.R. 119 (Bankr. N.D.N.Y. 2006) (holding that creditor did not violate the automatic stay by filing its proof of claim); *Kerney v. Capital One Fin. Corp. (In re Sims)*, 278 B.R. 457, 471–72 (Bankr. E.D. Tenn. 2002) (court asserts that every other court considering issue of whether an action expressly provided for by the Bankruptcy Code, such as filing a proof of claim, reached conclusions that such actions do not violate the automatic stay). Though much of the case law discusses the automatic stay, the same reasoning applies to the codebtor stay. Because filing a proof of claim is expressly provided for in the Bankruptcy Code, Discover's proof of claim does not violate the codebtor stay. Debtors' Objection to Claim of the Student Loan is therefore denied. Nonetheless, although Discover did not violate the codebtor stay by filing a proof of claim, the codebtor stay prevents Discover from collecting on the claim.

Discover's rights are preserved through their filing of the proof of claim in Debtors' Chapter 13 Case. Though Discover may not collect on this claim, the

9

proof of claim will act as a placeholder should circumstances arise that compel this Court to lift the codebtor stay. Only then, after correct procedure, may Discover amend the proof of claim to adjust for any nonpayment by the primary obligor on the Student Loan.

      For all the foregoing reasons, this Court **DENIES** Debtors' motion to disallow Claim No. 9.

Charles R. Merrill
United States Bankruptcy Judge
Dated: January 21, 2022